CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RW

FEB 14 2012

JULIA C. DUDLEY, CLERK
BY: HMcDonach
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LUTHER JENKINS,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Civil Action No. 7:12-cv-00052

MEMORANDUM OPINION

By:   Hon. Jackson L. Kiser
       Senior United States District Judge

Luther Jenkins, a federal inmate proceeding pro se, filed an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] Petitioner argues that his sentence imposed by the United States District Court for the Western District of North Carolina is unconstitutional. Petitioner is presently confined at a correctional facility within this district. This matter is before the court for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases. After reviewing petitioner's submissions, I conclude that petitioner fails to demonstrate an entitlement to relief via § 2241, and I dismiss the amended petition without prejudice.

I.

On March 1, 1999, petitioner was charged with two counts of possession with intent to distribute cocaine base and one count of using and carrying a firearm during a drug trafficking crime, all in violation of federal law. Petitioner ultimately pleaded guilty to one count of possession with intent to distribute cocaine base and one count of using and carrying a firearm during a drug trafficking crime. On November 3, 1999, the United States District Court for the Western District of North Carolina sentenced petitioner to, inter alia, 202 months' imprisonment for the drug crime and a consecutive sentence of 60 months' incarceration for the firearm charge.

---

[1] The amended petition presents the same claims raised in the original, self-styled petition on the court's form § 2241 petition. See Rule Gov. § 2254 Cases 1(b), 2(d) (requiring habeas petitions to substantially conform to a form petition).

The District Court determined petitioner was a "career offender" for sentencing purposes, pursuant to United States Sentencing Guideline ("U.S.S.G.") § 4B1.1.[2] The Court of Appeals for the Fourth Circuit dismissed his direct appeal.

In January 2000, petitioner filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States District Court for the Western District of North Carolina denied the motion, and the Court of Appeals for the Fourth Circuit dismissed his appeal.

Petitioner instituted this § 2241 habeas action in February 2012 to challenge his imposed sentence. Petitioner relies on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), to argue that he is not a "career offender." One of the prior convictions used for § 4B1.1 was from a North Carolina state court, which had convicted petitioner of a drug crime and sentenced him to sixty days' imprisonment and probation. Petitioner argues that Simmons invalidates the use of that prior North Carolina state conviction as a predicate offense for § 4B1.1 because the imposed term of incarceration was less than one year. Consequently, petitioner believes that he should not receive a career-offender enhancement and should be resentenced.

II.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." 28 U.S.C. § 2255(h); Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has

---

[2] Petitioner needed "at least two prior felony convictions of either a crime of violence or a controlled substance offense" to be designated a "career offender." U.S.S.G. § 4B1.1(a).

found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a prisoner satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner may not challenge his imposed federal sentence via § 2241. Petitioner fails to explain how a change in substantive law made it legal to use and carry a firearm during a drug trafficking crime and possess crack cocaine with intent to distribute.[3] Petitioner cannot rely on § 2241 to prove "actual innocence" of a sentencing calculation. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) ("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of [§ 2255's] savings clause to those petitioners challenging only their sentence."). The fact that a new § 2255 motion would be time barred or that petitioner already filed a § 2255 motion does not

---

[3] New substantive rules include decisions that narrow the scope of a criminal statute by holding that the statute does not reach certain conduct and decisions that place particular people or conduct covered by the statute beyond the government's constitutional power to punish. Bousley v. United States, 523 U.S. 614, 620 (1998); Schiro v. Summerlin, 542 U.S. 348, 352 (2004). See United States v. Thomas, 627 F.3d 534 (4th Cir. 2010) (recognizing that a rule is substantive, rather than procedural, if it alters the range of conduct or the class of persons that the law punishes). See also Bailey v. United States, 516 U.S. 137 (1998) (narrowing the scope of "use" in 18 U.S.C. § 924(c)(1) to exclude conduct previously held as criminal announced a new substantive rule that applied retroactively); Begay v. United States, 553 U.S. 137 (2008) (narrowing the construction of "violent felony" in 18 U.S.C. § 924(e) to be violent, purposeful, and aggressive announced a new substantive rule ).

New procedural rules that are established after a conviction becomes final generally do not apply on collateral review. Teague v. Lane, 489 U.S. 288, 310 (1989). New procedural rules generally do not retroactively apply because "[t]hey do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Schriro, 542 U.S. at 352.

make § 2255 review "inadequate" or "ineffective." Petitioner fails to meet the In re Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his conviction. Accordingly, petitioner's claims cannot be addressed via § 2241, and the amended petition must be dismissed.[4]

III.

In conclusion, I dismiss the § 2241 amended petition without prejudice because petitioner fails to demonstrate that he is entitled to relief.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner.

**ENTER**: This 14th day of February, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[4] I decline to construe petitioner's § 2241 amended petition as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. Second, petitioner already filed a § 2255 motion to challenge his drug and firearm convictions. Transferring a clearly successive § 2255 motion to the sentencing court does not further the interests of justice or judicial economy.

4